IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| JANET R. HARKINS, | : |
| DEBTOR. | : BANKRUPTCY NO. 09-11941 SR |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

## Introduction

Before the Court is the motion (the "Motion") of the Acting United States Trustee (the "Trustee") to dismiss Debtor's Chapter 7 case pursuant to 11 U.S.C. § 707(a). The sole basis of the Motion is that Debtor is ineligible to receive a discharge in this bankruptcy case (the "Current Case") because she was granted a discharge in a Chapter 7 bankruptcy case which she filed in March of 2001 ("2001 Bankruptcy Case").[1] Upon consideration, the Court denies the Motion.

## Background

Debtor filed her 2001 Bankruptcy case on March 26, 2001. She was granted a discharge on July 12, 2001. On March 19, 2001, Debtor commenced her Current Case. According to the docket from her 2001 Bankruptcy Case, Debtor was represented in that case by the same counsel who represents her in the Current Case.

---

[1] At the hearing on the Motion, the Trustee raised the issue whether Debtor properly filed her Current Case in Pennsylvania since she was living or visiting, at least for a time, in California. The issue was not raised in the Motion and shall not be addressed here. It was, however, discussed at the hearing. *See Transcript, dated Oct. 2, 2009, at 11-13.*

The duration between the commencement of Debtor's 2001 Bankruptcy Case and her Current Case is eight days short of 8 years. Importantly, Debtor disclosed her 2001 Bankruptcy Case on her Voluntary Petition in the Current Case. The §341(a) meeting of creditors in Debtor's Current Case was held on April 23, 2009 and concluded on May 4, 2009.[2]

At the hearing on the Motion, the Trustee reiterated that the basis of his Motion is that Debtor is ineligible to receive a discharge in her Current Case.[3] Transcript, dated October 2, 2009, at 2. Debtor's counsel responded to the Trustee's argument by asserting that the Motion should be denied because the time for filing a complaint objecting to discharge had expired under Rule 4004 of the Federal Rules of Bankruptcy Procedure.[4] No evidence was presented.[5] At the close of the parties' argument, the

---

[2] On May 4, 2009, the Chapter 7 Trustee filed a Report of No Distribution. On July 9, 2009, he filed a Praecipe to Withdraw No Distribution Report.

[3] At the hearing, the Trustee referred to an exemption which the Debtor took pursuant to §522(d)(11)(c) in the proceeds of a life insurance policy belonging to her husband. The validity of the exemption is not at issue here. Notably, no objection to the exemption was ever filed.

[4] During the hearing, the Debtor's counsel also informed the Court that he had learned just the week before that his client had died. The Court notes that although a decedent's estate cannot file a bankruptcy case, *see Goerg v. Parungao (In re Goerg)*, 844 F.2d 1562, 1566 (11th Cir. 1988) (opining that the Code's definition of "person" and, therefore, its definition of "debtor" excludes "insolvent decedents' estates."); *In re Hancock*, 2009 WL 2461167, at *3 n.3 (Bankr. N.D. Okla. Aug. 10, 2009) (reasoning that only a "person" may be a debtor and that a decedent's estate is not a "person"), Rule 1016 of the Federal Rules of Bankruptcy Procedure provides that the death of a debtor "shall not abate a liquidation under chapter 7 of the Code." Fed.R.Bankr.P. 1016. *See also In re Lucio*, 251 B.R. 705, 707 (Bankr. W.D. Tex. 2000) ("It is clear that a Chapter 7 bankruptcy case *can* continue notwithstanding the death of the debtor.").

[5] Notably, the Motion makes no mention of bad faith as a basis for dismissal. However, at the hearing, the Trustee raised the issue of bad faith. The only fact mentioned at the
(continued...)

Court took the matter under advisement.

**<u>Discussion</u>**

The Trustee seeks to have Debtor's case dismissed pursuant to §707(a), which states:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including--
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. §707(a).[6]  The basis of the Trustee's request for dismissal under the aforementioned provision is that Debtor is not entitled to a discharge under §727(a)(8) which provides, in relevant part:

---

[5](...continued) hearing that could serve as a basis of a finding of bad faith is that the Debtor was represented in her 2001 Bankruptcy Case by her current counsel. This fact alone does not demonstrate bad faith particularly since Debtor would have been eligible for a discharge in her Current Case if she had only waited eight days more before filing it.  Perhaps Debtor had a bad faith reason for filing her Current Case, but that has not been shown.  In the absence of such a showing, the Trustee has not established cause for dismissing Debtor's case for bad faith.

[6]  Rule 4004 of the Federal Rules of Bankruptcy Procedure provides that a complaint objecting to discharge under §727(a) of the Code "shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." Fed.R.Bankr.P. 4004(a).  As the Debtor's counsel observed at the hearing, the Trustee allowed the deadline under Rule 4004 to expire in the Current Case without filing a complaint objecting to discharge.

> The court shall grant a discharge, unless –
>
> * * *
>
> (8) the debtor has been granted a discharge under this section .... in a case commenced within 8 years before the date of the filing of the petition[.]

11 U.S.C. §727(a)(8).

The Court finds it significant that §727(a) lists the reasons for which a debtor may be denied a discharge in a Chapter 7 case; it does not say who or who may not be a Chapter 7 debtor. Section 109 of the Code is the provision which delineates who may be a debtor under Chapter 7 of the Code and there is no provision in §109 precluding a person who filed a chapter 7 case within the previous 8 years from filing another chapter 7 case.

In *In re Rogers*, 2009 WL 161625 (Bankr. D. Kansas Jan. 14, 2009), the bankruptcy court discussed whether the debtors' discharge in a Chapter 7 case within the previous 8 years made them ineligible not only to receive Chapter 7 discharges in their current case, but ineligible "even to become Chapter 7 debtors at all." Opining on this issue, the bankruptcy court aptly stated:

> The provision that makes these Debtors ineligible to receive a Chapter 7 discharge is the eighth thing listed in §727(a): "the debtor has been granted a discharge under this section in a case commenced within 8 years before the date of the filing of the petition" in the current case. **Nothing in the provision suggests it is intended to preclude such a debtor from becoming a debtor under Chapter 7. Instead, if an individual's eligibility to receive a Chapter 7 discharge had been intended to be a prerequisite to being a Chapter 7 debtor, the restriction would have been placed in §109 instead of**

**§727, which becomes applicable only after the individual has already become a Chapter 7 debtor.**

2009 WL 161625, at *2 (emphasis added). *See also In re Smith*, 133 B.R. 467, 469 (Bankr. N.D. Ind. 1991) (reasoning that Congress knew how to restrict the availability of bankruptcy relief and that if Congress had intended to prevent multiple or serial filings, the prohibition against it would "be found in §109[.]").

As the authors of Collier on Bankruptcy observe "[e]ven in a proceeding in which the debtor is not entitled to a discharge, a debtor may still obtain protection for property, since the exemptions and lien avoidance powers provided by section 522 of the Code would still apply as in any other case." 6 Collier on Bankruptcy ¶727.11[a], at 727-53 (15th ed rev.).

While there is authority which supports the Trustee's argument, *see In re Fry*, 2008 WL 4682266, at *4 (Bankr. D. Kan. Oct. 14, 2008) ("Since Debtor cannot receive a discharge at this time [pursuant to §727(a)(8)], cause exists to dismiss this case."), this Court is not persuaded by the argument in the absence of any showing that Debtor's Current Case was filed in bad faith.

**Summary**

Based on the foregoing rationale, the Trustee's Motion shall be denied.

By the Court:

Dated: October 27, 2009

Stephen Raslavich
Chief U.S. Bankruptcy Judge

5